UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| AMELINA ARCHELUS,<br>  Plaintiff,<br><br>v.<br><br>SUNRISE SENIOR LIVING<br>OF DECATUR,<br>  Defendant. | No. 2:25-cv-00767<br>No. 2:25-cv-00868 |

### AMENDED ORDER GRANTING APPLICATIONS FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* DISMISSING COMPLAINTS, CONSOLIDATING CASES, AND GRANTING LEAVE TO AMEND[1]
(Docs. 1, 1)

Plaintiff Amelina Archelus, a Burlington, Vermont resident representing herself, seeks to bring an action against Sunrise Senior Living of Decatur. On September 16, 2025, (Doc. 1), and again on November 4, 2025, (*Archelus v. Sunrise Senior Living of Decatur*, No. 2:25-cv-868, Doc. 1),[2] Plaintiff filed an Application to Proceed *in Forma Pauperis* ("IFP"), or without paying fees or costs, under 28 U.S.C. § 1915. (Doc. 1; *Archelus v. Sunrise Senior Living of Decatur*, No. 2:25-cv-868, Doc. 1.) She seeks to bring two actions against her former employer: one under 18 U.S.C. § 1920; and one alleging state-law negligence, each seeking $90,000 in damages. Because Plaintiff's financial affidavits satisfy the requirements of § 1915(a), her applications for leave to proceed IFP are GRANTED.[3] The court proceeds to an initial review of her proposed Complaints

---

[1] The only change in this Amended Order is to the date by which an Amended Complaint must be filed. The date is changed from January 29, 2025 to January 29, 2026.
[2] Both applications are labeled as "Document 1" within their respective case dockets. In order to distinguish the separate documents in this Order, the secondary case will be identified through the docket number.
[3] Plaintiff answers every question "N/A" or "not sure" and states that she is unemployed and homeless. *See* Doc. 1. Given the court's recent grant of IFP status to Plaintiff in a separate unrelated case, *see Archelus v. Comm'r*, No. 2:25-cv-778, 2025 WL 2986231 (D. Vt. Oct. 23, 2025) (Reiss, C.J.), the court does so here as well.

(Doc. 1-1; *Archelus v. Sunrise Senior Living of Decatur*, No. 2:25-cv-868, Doc. 1-1.) under 28 U.S.C. § 1915(e)(2)(B).

I.  **Allegations of Plaintiff's Proposed Complaints**

　　A.  Case No. 2:25-cv-767

In a Civil Case Complaint form, Plaintiff names Sunrise Senior Living of Decatur, located in Georgia, as the defendant. Although she did not check a box for federal court jurisdiction based on either federal question or diversity of citizenship, under the form's subsection titled "If the basis for jurisdiction is a federal question," and in response to the form's direction to "List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case," Plaintiff wrote "false worker compensation claim code 1920 18 U.S." (Doc. 1-1 at 4.)

Plaintiff's statement of claim is:

> On Nov[ember] 28[,] 2022 I was involved in a work injury and the company provided false information that caused my brain condition to worsen and cause a lot of damages[.] [A]lso effected my finances because of the untreated conditions[.] I have not been able to work and my income was suspend[ed] due to that.

(*Id.* at 3.)

In the relief section, Plaintiff states: "Because of they false information on my claim these are the damages it caused[:] I suffered four years with medical condition due to that brain damages-brain dead lost wages since Nov[ember] 28[,] 2022 till 2025." (*Id.*) Plaintiff states the amount in controversy is $90,000. Together with her Complaint, Plaintiff filed documents from the Georgia State Board of Workers' Compensation and medical documentation with handwritten notations. (*See id.* at 6, 8-13.) She also filed an additional page of handwritten information stating:

> They said that I was never injured at the jobsite which I was injured at the job and they said I return to work which I never did so they suspend it so that prevented me from getting the treatment I needed for my injury so that made my conditions worsen.

2

(*Id.* at 7.)

In a typewritten supplemental document, titled "Statement for my false work injury claim #2022-123601 for November 28, 2022," Plaintiff states in full:

> On September 2025[,] I brought this false worker compensation work related injury case to the courts asking the court to please look into this matter for me so I provided the court with the company and the company insurance false documentations stating that I was never injured at the jobsite which I was injured at [S]unrise [S]enior [L]iving of Decatur which is located at 920 [C]lairmont [A]ve[,] Decatur G[A] 30030 on November 28[,] 2022 and I also provided the courts with proofs that I was transported on the day of my injury from the jobsite to the hospital and another statement from the job and the[] insurance company stating that I return back to work from my injury on February 7[,] 2023 which I never did[.] I also provide the court with proof of my documentation that I was on a doctor disability leave due to my injury so the doctors had order[ed] for me to get this physical therapy consult and treatment done and a neuropsychological evaluation done which I was unable to because my claim was suspended at the time because of the companies false information[] on my claim[.] [I]t also [a]ffected my finances[.] I've not been able to obtain a job ever since this injury so I'm asking the courts for the damages these companies actions have caused me which is [brain] damages[,] brain dead[.] [M]y career[,] my goals[,] my life[,] and future plans have been impacted by this[.] [M]y los[t] wages since November 28[,] 2022-September 22[,] 2025 which I provided to the courts on the amounts I'm asking the courts for[.] I'm asking the court[,] if possible[,] to grant me the amount I've req[e]sted[.] I feel like if the companies never provided these false information on my claim[,] I would've never suffered with these conditions[.]

(Doc. 3 at 1–2). With her supplement, Plaintiff also included medical documentation dated June 2023. (*Id.* at 3–4.)

### B. Case No. 2:25-cv-868

In a Civil Case Complaint form Alleging Negligence, Plaintiff names Sunrise Senior Living of Decatur, located in Georgia, as the defendant. (*See Archelus v. Sunrise Senior Living of Decatur*, No. 2:25-cv-868, Doc. 1-1.) In this case, Plaintiff alleges the court has diversity subject matter jurisdiction under 28 U.S.C. § 1332. (*Id.* at 1.)

Plaintiff's statement of claim is that on February 6, 2023, Sunrise Senior Living failed to provide proper treatment for an injury. As relief, she seeks $90,000:

> Due to the company and company insurance lying on my worker com[p] claim[,] I was neglected by getting the proper treatment that the doctor had required me to get so the damages due to this has impacted my [w]hole life in a major way serious health conditions I'm suffering with[.]

(*Id.* at 4.)

Together with her Complaint, Plaintiff filed an unsigned, typewritten statement, dated October 3, 2025, addressed to the court:

> On November 28, 2022, I was involved in a work injury which I was assaulted in the head while performing my job duties so the company I had work for at the time of my injury and the[i]r[] insurance company had provided false information on my claims so on Feb[ruary] 06[,] 2023[,] due to their false actions[,] my claim[] was suspended[,] I was unable to get my proper treatment that the doctors had order[ed] for me to get done[,] so I was neglected because of discrimination towards my religion and hate actions so I'm asking the court and judge to please look into this claim number which is #2022-123601 to please grant me the amount for the damages that these companies negligences had caused me which is major brain conditions[, and] major and serious health conditions for not getting the proper treatment and procedures that was order by the doctors and physicians[.]

(*Id.* at 6–7.) Plaintiff filed documents from the Georgia State Board of Workers' Compensation and medical documentation with handwritten notations, including records dated June 2023. (*Id.* at 8–14.) She also filed two additional pages of handwritten information stating, "This doctor he just didn't care about my hearing or my memory going in and out he didn't provide treatment for those two things." (*Id.* at 9), and:

> Salvation Army in Griffin . . . peace place promise place brookdale resource center need to report them because they shout at me yesterday when I was told to go for intake before 3:00pm the security guard shout at me for no reason when I was just seeking for a shelter because of mine beliefs disability religions.

(*Id.* at 11.)

## II.    28 U.S.C. § 1915(e)(2)(b) Review

Plaintiff's proposed Complaints are subject to an initial screening. Under 28 U.S.C. § 1915, "the court shall dismiss [a] case [filed IFP] at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B).

4

Additionally, a district court must dismiss a case if it determines the court lacks jurisdiction over the matter. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

All complaints must contain "sufficient factual matter . . . to state a claim" for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified); *see also* Fed. R. Civ. P. 8(a) (listing requirements for a pleading that states a claim for relief). In determining whether a complaint states a claim, the court must "accept as true all of the allegations contained in a complaint" and decide whether the complaint states a plausible claim for relief. *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted). While "special solicitude" is required, self-represented litigants nevertheless must satisfy the plausibility standard set forth in *Iqbal*. *See Harris v. Miller*, 818 F.3d 49, 57 (2d Cir. 2016) (citation omitted); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Federal courts "have a duty to inquire into their subject matter jurisdiction sua sponte . . . ." *D'Amico Dry Ltd. v. Primera Mar. (Hellas) Ltd.*, 756 F.3d 151, 161 (2d Cir. 2014); *see also Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006) (stating courts have an "independent obligation" to consider the issue of subject matter jurisdiction sua sponte). "[T]he party asserting federal jurisdiction bears the burden of establishing jurisdiction" exists. *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006).

For the court to assert federal question jurisdiction under 28 U.S.C. § 1331, Plaintiff must "plead a colorable claim arising under the Constitution or laws of the United States." *Arbaugh v.*

*Y&H Corp.*, 546 U.S. 500, 513 (2006) (citation modified). In case No. 2:25-cv-767, Plaintiff seeks to allege a claim under "false worker compensation claim code 1920 18 U.S," (Doc. 1-1 at 4), which the court construes as 18 U.S.C. § 1920, titled "False statement or fraud to obtain Federal employees' compensation." 18 U.S.C. § 1920.

Section 1920 is a criminal statute that does not create a private cause of action under which Plaintiff may sue her former employer. *See Rogerson v. United States*, No. CV 08-5060-AWB, 2009 WL 1361875, at *1, *5 (D.S.D. May 13, 2009) (holding 18 U.S.C. § 1920 does not create a private cause of action). Enforcement of § 1920 is within the jurisdiction of the Department of Justice. *See* 20 C.F.R. § 10.16 ("Enforcement of [18 U.S.C. § 1920] that may apply to claims under the [Federal Employment Compensation Act] is within the jurisdiction of the Department of Justice."). Because § 1920 does not provide a cause of action, Plaintiff's proposed Complaint fails to state a claim upon which relief may be granted. As a result, Plaintiff's Complaint filed in Case No. 2:25-cv-767 (Doc. 1-1) is DISMISSED upon review under 28 U.S.C. § 1915(e)(2)(b).

Although Plaintiff's first Complaint does not state a claim over which the court may exercise federal question jurisdiction, federal courts may also have subject matter jurisdiction "on the basis of citizenship, where the requirements for diversity jurisdiction are satisfied." *Gottlieb v. Carnival Corp.*, 436 F.3d 335, 337 n.3 (2d Cir. 2006). In her second Complaint, filed in Case No. 2:25-cv-868, Plaintiff alleges the court can exercise original diversity jurisdiction over state-law claims Plaintiff asserts against Defendant. *See* 28 U.S.C. § 1332(a)(1) (requiring the "matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States"). Here, the parties appear to be diverse and the matter in controversy exceeds the statutory minimum. However, even assuming the court could exercise diversity subject matter jurisdiction, it is not clear this court is a proper venue for Plaintiff's cases.

Federal law allows for venue in "a judicial district in which any defendant resides, . . . [or] a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(1)–(2). For venue purposes, an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See id.* 28 U.S.C. § 1391(c)(2).

Construing the Complaints liberally, Defendant appears to reside in Georgia, Plaintiff alleges that she was injured while working for Defendant, and her place of employment was in Georgia. None of the alleged events giving rise to Plaintiff's claim occurred in Vermont. From what the court can discern, these actions appear to have no connection to Vermont other than Plaintiff's alleged residence here. As a result, from the face of the Complaints and supporting documents, venue may not be proper in this court under § 1391(b)(2).

Under 28 U.S.C. § 1406, a district court faced with a case "laying venue in the wrong division or district, shall dismiss" or, in the interests of justice, may "transfer [the] case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's Complaint filed in Case No. 25-cv-868 (Doc. 1-1) is DISMISSED for lack of venue.

### III.    Case Consolidation

A court may consolidate actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). Consolidation of cases is "permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496–97 (1933). Although the Supreme Court has explained that "actions are not merged and do not lose their separate identities because of consolidation under Rule 42(a)," *Hall v. Hall*, 584 U.S. 59, 76–77 (2018) (citation modified), district courts can consolidate cases

for "all purposes" in appropriate circumstances because they "enjoy substantial discretion in deciding whether and to what extent to consolidate cases," *id.* at 77.

Here, Plaintiff's Complaints involve the same parties and substantially similar allegations regarding a workers' compensation claim stemming from an allegedly work-related injury sustained in November 2022. Consolidation will not prejudice Plaintiff, as she is the sole plaintiff in both cases, and will avoid unnecessary litigation, preserve judicial economy, and allow for the efficient resolution of the cases. For these reasons, Case No. 2:25-cv-767 and Case No. 2:25-cv-868 are CONSOLIDATED.

### IV. Leave to Amend

The Second Circuit has cautioned that a court "should not dismiss a pro se complaint without granting leave to amend at least once, unless amendment would be futile." *Garcia v. Super. of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (per curiam) (citation modified). Accordingly, Plaintiff may file an Amended Complaint in Case No. 2:25-cv-767. Plaintiff is advised that a proposed Amended Complaint, if filed, will supersede and completely replace the original Complaints. *See Hancock v. Cnty. of Rensselaer*, 882 F.3d 58, 63 (2d Cir. 2018) (noting "it is well settled that an amended pleading ordinarily supersedes the original and renders it of no legal effect" (citation modified)).

An Amended Complaint must set forth a factual and legal basis for this court's subject matter jurisdiction, demonstrate that it is a proper venue, and state a claim for which relief may be granted. It must include Plaintiff's factual allegations in their entirety and must set forth the claims she alleges against each defendant and all the relief she seeks. It must comply with the Federal Rules of Civil Procedure, including setting forth a short and plain statement of each claim as

required by Rule 8, in consecutively numbered paragraphs as required by Rule 10, and with Plaintiff's original signature as required by Rule 11.

## CONCLUSION

Plaintiff's applications to proceed *in forma pauperis* (Doc. 1) are GRANTED. However, having conducted the review required under 28 U.S.C. § 1915(e)(2)(b), Plaintiff's Complaints (Doc. 1-1) are DISMISSED. Plaintiff is GRANTED leave to file one proposed Amended Complaint that will also be subject to review under 28 U.S.C. § 1915(e)(2)(b).

Additionally, these cases are CONSOLIDATED. The Clerk of Court is directed to designate *Archelus v. Sunrise Senior Living of Decatur*, Case No. 2:25-cv-767, as the operative case in this matter. The Amended Complaint and all future filings shall be entered in Case No. 2:25-cv-767. Failure to file an Amended Complaint on or before January 29, 2026, shall result in dismissal of the case.

The court hereby certifies that under 28 U.S.C. § 1915(a)(3) any appeal would not be taken in good faith.

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 7th day of January 2026.

Mary Kay Lanthier
District Court Judge

9